PER CURIAM.
We find, as did the Department of Environmental Regulation, that the Rivers and Harbors Act does not pre-empt the authority of the states to require permits for activities within territorial waters of the State which are also waters of the United States, and such activities may depend on concurrent assent by the State and by the United States. Wisconsin v. Illinois, 278 U.S. 367, 49 S.Ct. 163, 73 L.Ed. 426 (1929); Montgomery v. City of Portland, 190 U.S. 89, 23 S.Ct. 735, 47 L.Ed. 965 (1903); Cummings v. City of Chicago, 188 U.S. 410, 23 S.Ct. 472, 47 L.Ed. 525 (1903).
The Federal Water Pollution Control Act of 1972 (“Clean Water Act”), 33 U.S.C. § 1251, et seq., does not deprive the state of concurrent jurisdiction to regulate activities within waters of the state. 33 U.S.C. § 1311 provides that:
“Except as in compliance with this section and section ... 33 U.S.C. § 1344, the discharge of any pollutant by any person shall be unlawful.”
33 U.S.C. § 1344 allows the Secretary of the Army acting through the Chief of Engineers to “issue permits ... for the discharge of dredged or fill material into the navigable waters ...”
33 U.S.C. § 1344(t) states:
“Navigable waters within State jurisdiction. Nothing in this section shall preclude or deny the right of any State or interstate agency to control the discharge of dredged or fill material in any portion of the navigable waters within the jurisdiction of such State, including any activity of any Federal agency, and each such agency shall comply with such state or interstate requirements both substantive and procedural to control the discharge of dredged or fill material to the same extent that any person is subject to such requirements. This section shall not be construed as affecting or impairing the authority of the Secretary to maintain navigation.”
Thus, the Clean Water Act specifically recognizes the State’s right to regulate dredge and fill activities within its territorial jurisdiction.
Therefore the final order under review be and the same is hereby affirmed.